IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA                         PLAINTIFF

V.                                NO. 4:22-CV-127-DMB-JMV

NICHOLAS MALLETT                                  DEFENDANT

**ORDER**

On August 10, 2022, the United States of America filed a complaint against Nicholas Mallett in the United States District Court for the Northern District of Mississippi seeking "treble damages and civil penalties under the False Claims Act ('FCA') … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Mallett's receipt of Paycheck Protection Program ('PPP') funds to which he was not entitled." Doc. #1 at 1. The complaint alleges that Mallett, through false representations, received PPP loan proceeds totaling $43,250.00[1] (for which the Small Business Administration paid $5,000[2] in processing fees to the bank involved). *Id.* at 6–7.

On August 15, 2022, the parties filed a "Joint Motion for Entry of Consent Judgment" representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the attached [proposed consent judgment]." Doc. #4; *see* Doc. #4-1. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Mallett who appears pro se. Doc. #4; Doc. #4-1 at PageID 17.

    Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal

---

[1] The complaint's specific counts and prayer for relief list the amount as $41,250.00 but the factual allegations provide that Mallet received one loan for $20,625.00 and a second loan for $22,625.00. Doc. #2 at 6–9.

[2] The complaint's first mention of the amount of the processing fees contains a typographical error. *Compare* Doc. #1 at 6 ("The SBA paid $5,00.00 in processing fees ….") *with id.* at 8 ("$5,000.00 in loan processing fees") and *id.* at 9 ("$5,000.00 in processing fees").

> determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Mallett to pay $46,250.00 plus interest and a $400.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 22nd day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**